**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UGANDA KNAPPS, | No. 24-6330 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-00893-SK |
| v. | MEMORANDUM[*] |
| EDUCATION & TRAINING RESOURCES, LLC; MINACT, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding[**]

Submitted May 26, 2026[***]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Uganda Knapps appeals pro se the district court's judgment dismissing his

action alleging workplace disability discrimination claims. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Knapps's claim under the Rehabilitation Act, 29 U.S.C.A. § 794, because Knapps failed to allege facts sufficient to show that defendants received federal funding.  *See Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (setting forth the requirements of a claim under the Rehabilitation Act).

The district court properly dismissed Knapps's claim under the Americans with Disabilities Act ("ADA") against Minact, Inc because Knapps failed to allege facts sufficient to show that Minact was his employer.  *See* 42 U.S.C. §§ 12112(a) (prohibiting a "covered entity," from discriminating against a "qualified individual on the basis of disability"), 12111(2) (defining a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee").

However, we vacate the dismissal of Knapps's ADA claim alleging disability discrimination on the basis of his asthma because Knapps alleged facts sufficient to state a failure-to-accommodate claim, he exhausted administrative remedies as to Education & Training Resources, LLC, and the district court failed to consider whether a worksharing agreement between California and the Equal Employment Opportunity Commission ("EEOC") rendered his charge timely for

administrative exhaustion purposes. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("The ADA treats the failure to provide a reasonable accommodation as an act of discrimination if the employee is a 'qualified individual,' the employer receives adequate notice, and a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business."); *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990) (explaining that "where the EEOC or defendants themselves should have anticipated that the claimant would name those defendants in a [] suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge" (internal citation and quotation marks omitted)); *see also Fort Bend County, Texas v. Davis*, 587 U.S. 541, 544 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other."); *Bouman v. Block*, 940 F.2d 1211, 1219-20 (9th Cir. 1991) ("Since the EEOC deferred jurisdiction to the state within 300 days, the extension period is triggered regardless of whether the complaint was first received by the EEOC or the state."); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 923 n.2 (9th Cir. 1982) (explaining that the district court should have applied a 300-day limitations period because of a worksharing agreement between California and the EEOC and that failure of the

EEOC to forward charge to state agency did not change the analysis).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**